IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARL CAPERS,
Inmate No. X88309,
    Plaintiff,

vs.                                             Case No. 3:16cv504/MCR/EMT

JIMMY COKER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se as an inmate of the Florida Department of Corrections, initiated this action on September 29, 2016, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 4).

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 3–4). In reaponse to Question A of Section IV, which requests information regarding any previous cases Plaintiff might have filed in *state* court that deal with the same or similar facts as those in the instant action, Plaintiff disclosed one case which he cannot identify beyond the fact that the case was filed in civil court in Miami, Florida, in 2013. Plaintiff states that the complaint concerned the infliction of mental and emotional pain and suffering, as well as tampering with his food while he was detained or incarcerated at a county jail (*id*. at 3).

In response to Question B of Section IV, which requests information regarding any previous cases Plaintiff might have filed in *federal* court that deal with the same or similar facts as those in the instant action, Plaintiff disclosed a single case which he cannot identify other than to state that the case was filed in Miami and was dismissed for failure to state a claim upon which relief could be granted (*id*.).

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of

prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4). In response to this question, Plaintiff identified a single case in which he could not identify the case number but did identify the Defendants as Officer McDuffie and Sgt. Mason (*id.*).

Thus, Plaintiff in effect stated that, aside from the cases he identified above, he has initiated no other actions in federal court that related to the fact or manner of his incarceration or the conditions of his confinement or that involve similar facts and circumstances as the instant case.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 7).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered

in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).  Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  The time spent verifying the cases a plaintiff has previously filed, as well as the dispositions of those cases, can be considerable.

The court takes judicial notice of numerous cases previously filed by Plaintiff in other district courts which related to the fact or manner of his incarceration or the conditions of his confinement.  On May 13, 2016, Plaintiff filed Case No. 1:16-cv-21696-MGC in the in the United States District Court for the Southern District of Florida.  This complaint identifies a Correctional Officer named Mr. McDuffie and a Sergeant named Mr. Massoto; accordingly, this court presumes this to be the case that Plaintiff identified in response to Question C above, regarding cases that related to the fact or manner of his  incarceration or the conditions of his confinement.  Plaintiff also filed Case No. 1:14-cv-23483-RNS in the Southern District of Florida, on September 22, 2014.  In that case Plaintiff complained, among other things, of being housed alone and thereby subjected to mental and physical pain and injury and of having his meals tampered with (*see* ECF No. 1 at 6–7 in that case).  Based on those allegations, the court presumes this to be the case that Plaintiff identified in

response to Question A above regarding cases that deal with the same or similar facts as those in the instant action. Venue in that Southern District case was eventually transferred to the Middle District of Florida (*see* ECF Nos. 52, 53 in that case), where it was assigned Case No. 6:15-cv-00961-GKS-GJK and then dismissed on July 30, 2015 (*see* ECF Nos. 59, 60 in that case).

The court also takes judicial notice of Case No. 2:15cv00700-SPC-MRM, which Plaintiff filed in the Middle District of Florida on November 9, 2015, in which he made numerous allegations about conditions at Charlotte Correctional Institution in Florida, including that orderlies were putting germs in his food and taking food from his tray (*see* ECF No. 1 in that case). On April 27, 2016, that case was dismissed for abuse of the judicial process because—as here—Plaintiff failed to disclose on the complaint form certain previous cases he had filed (*see* ECF No. 30 in that case). In dismissing that case, the court noted several additional cases Plaintiff had filed:

> Plaintiff listed only one prior case number (1:14-cv-23483). (Doc. #1, p. 2.) However, the Court identified the following additional cases brought by Plaintiff in federal court: (1) Case No. 5:09-ct-3037 from the Eastern District of North Carolina Western Division, dismissed for failure to exhaust; (2) Case No. 5:09-ct-3036 from the Eastern District of North Carolina Western Division, dismissed for failure to exhaust; (3) Case No. 3:10-cv-36 from the Western District of North Carolina Charlotte Division, dismissed for failure to exhaust; (4) Case No. 3:10-cv-225 from the Western District of North Carolina Charlotte Division, dismissed for failure to state a claim for relief; (5) Case No. 3:11-cv-48 from the Western District of North Carolina Charlotte Division, dismissed for failure to state a claim for relief; and (6) Case No. 6:15-cv-00961 from the Middle District of Florida Orlando Division, dismissed

for failure to prosecute. Each of these cases dealt with issues relating to Plaintiff's imprisonment or the conditions thereof.

(*See* ECF No. 30 at 2 in that case). Thus, in addition to Case No. 2:15cv00700-SPC-MRM itself, there are several cases filed in the Eastern and Western Districts of North Carolina that Plaintiff failed to disclose on the complaint form in the instant case.[1]

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[2] This should have been doubly evident to Plaintiff since his previous action in the Middle District of Florida was dismissed

---

[1] The inmate number of the plaintiff in cases from the Middle and Southern Districts of Florida (#X88309) matches Plaintiff's. As the state of North Carolina has its own correctional system, the inmate number for that plaintiff, #844136, does not match, but the name Carl Lorinzo Capers appears throughout the pleadings in the various cases.

[2] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 7) (emphasis and capitalization in original).

on the very same grounds. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[3] *See*, *e.g.*, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form

---

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No: 3:16cv504/MCR/EMT

which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

At Pensacola, Florida, this 12th day of October 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**